Glenn W. Peterson, Esq. (CA Bar Assn. No. 126173)
**MILLSTONE, PETERSON & WATTS, LLP**
2267 Lava Ridge Court, Suite 210
Roseville, CA 95661
Telephone: (916) 780-8222
Fax No: (916) 780-8775

Peter M. de Jonge, (Utah Bar No. 7185)
Gordon K. Hill (CA Bar Assn. No. 218999)
Jed H. Hansen (Admitted Pro Hac Vice)
**THORPE NORTH & WESTERN, L.L.P.**
8180 South 700 East, Suite 350
Sandy, Utah 84070-0562
Telephone: (801) 566-6633
Facsimile: (801) 566-0750

Mark M. Bettilyon (Admitted Pro Hac Vice)
Sam C. Straight (Admitted Pro Hac Vice)
**RAY QUINNEY & NEBEKER, PC**
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone: (801) 532-1500
Fax No: (801) 532-7543

*Attorneys for Plaintiff*, CytoSport, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA,

(SACRAMENTO DIVISION)

| | |
|---|---|
| CYTOSPORT, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>VITAL PHARMACEUTICALS, INC., a Florida Corporation,<br><br>Defendant. | Case No.: 2:08-CV-02632-FCD-GGH<br><br>**STIPULATED PROTECTIVE ORDER** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based upon the Stipulated Motion for Entry of Protective Order by Plaintiff CytoSport, Inc. ("Plaintiff") and Defendant Vital Pharmaceuticals, Inc. ("Defendant"), and for good cause appearing,

IT IS HEREBY ORDERED that a party or a non-party disclosing or producing information, documents, or things in this matter ("producing party") may designate such information, documents, or things as Confidential or Confidential—Attorneys' Eyes Only under the following terms and conditions:

1. Any document, information, or thing may be designated Confidential if it is in good faith determined by the designating party to contain its confidential information, including information in written, oral, electronic, graphic, pictorial, audiovisual, or other form, whether it is a document,[1] information contained in a document, item produced for inspection, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

2. Any document, information, or thing may be designated Confidential—Attorneys' Eyes Only if it is in good faith determined by the designating party to contain its confidential, information related to any of the following: technical data, research and development information, marketing or other business plans, product or service information, customer information, trade secrets, competitive information, or financial information of the party, or any other information of such sensitivity to warrant Confidential—Attorneys' Eyes Only treatment, including information in written, oral, electronic, graphic, pictorial, audiovisual, or other form, whether it is a document, information contained in a document, item produced for inspection, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

3. A designating party may designate any document or other tangible information or thing as Confidential or Confidential—Attorneys' Eyes Only by stamping some conspicuous place thereof with the legend CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY, respectively, or equivalent designation (e.g., just "ATTORNEYS' EYES ONLY"). For example, in

---

[1] The term "document" shall be synonymous in meaning and equal in scope to the usage of that term in Rule 34 of the Federal Rules of Civil Procedure, and shall include every writing and recording within the meaning given those terms in Rule 1001 of the Federal Rules of Evidence.

STIPULATED PROTECTIVE ORDER

the case of a document, a producing party may so mark the first page of a multi-page document or each applicable page. In the case of other tangible items, a producing party may so mark any appropriate location. For example, in the case of a computer disk, a producing party may so mark the disk cover.

4. A non-producing party may designate any document, information, or thing produced during the course of this proceeding, not already designated Confidential or Confidential—Attorneys' Eyes Only, as Confidential or Confidential—Attorneys' Eyes Only as if it were a producing party. However, no plaintiff may designate information produced by any defendant as Confidential or Confidential—Attorneys' Eyes Only, and no defendant may designate information produced by any plaintiff as Confidential or Confidential—Attorneys' Eyes Only.

5. The non-producing party shall accomplish such designation by notifying all parties in writing of the specific item so designated, within ten business days of the production of such document, information, or thing, during which period said items shall be presumed Confidential. At the end of this ten day period, such documents, information, or things not designated as Confidential or Confidential—Attorneys' Eyes Only shall automatically revert to non-Confidential status.

6. A producing party may designate documents, testimony, information, or things disclosed at a deposition of a producing party or one of its present or former officers, directors, employees, agents, or independent experts retained for purposes of this proceeding as Confidential or Confidential—Attorneys' Eyes Only on the record during the deposition or by notifying all parties in writing of the specific item so designated, within fifteen business days of receiving a copy of the deposition transcript, or the specific exhibits or lines and pages of the transcript that are Confidential or Confidential—Attorneys' Eyes Only.

> a. If a producing party designates such materials as Confidential or Confidential—Attorneys' Eyes Only on the record, the court reporter shall indicate on the cover page of the transcript that the transcript includes Confidential or Confidential—Attorneys' Eyes Only information, shall list the pages and lines numbers and/or exhibits of the transcript on or in which such information is contained, and shall bind the transcript in separate portions containing Confidential, Confidential—Attorneys' Eyes Only, and non-

3

Confidential material. Further, during the period in which such Confidential or Confidential—Attorneys' Eyes Only information is discussed during the deposition, any person present during the deposition who is not a Qualified Person, as defined below, or the court reporter, shall be excluded from that portion of the deposition.

      b. A deposition transcript and the exhibits thereto shall be presumed Confidential—Attorneys' Eyes Only in their entirety until fifteen business days after receipt of the transcript by the producing party. If, after the deposition is taken, the producing party designates any portion of the deposition transcript or exhibits as Confidential or Confidential—Attorneys' Eyes Only by giving written notice as described above, all persons receiving notice of such designation shall affix the same to the face of their copy or copies of the transcript. At the expiration of the fifteen day period, the transcript and exhibits shall automatically revert to non-Confidential status, except those portions that have been designated on the record or in writing as Confidential or Confidential—Attorneys' Eyes Only.

      c. A non-producing party may designate documents, information, or things disclosed at a deposition as Confidential or Confidential—Attorneys' Eyes Only in the same manner as a producing party. However, no plaintiff may designate information produced by any defendant as Confidential or Confidential—Attorneys' Eyes Only, and no defendant may designate information produced by any plaintiff as Confidential or Confidential—Attorneys' Eyes Only.

7. Should any party object to a designation of any information, testimony, documents, or things as Confidential or Confidential—Attorneys' Eyes Only, the parties and/or the producing party shall attempt to resolve such objection in good faith on an expedited and informal basis. If the objection is not thereby resolved, the objecting party may apply for a ruling from the Court determining whether the materials in question are properly designated under the terms of this Protective Order. Until the Court makes such determination, all material designated as Confidential or Confidential—Attorneys' Eyes Only shall be treated as such.

/ / /

STIPULATED PROTECTIVE ORDER

8. All information, testimony, documents, or things produced, exchanged, or inspected in the course of this proceeding shall be used solely for the purposes of this proceeding and disclosure thereof shall be solely for the purpose of resolving disputes between the parties.

9. All documents, testimony, information, or things designated as Confidential shall be made available only to the following Qualified Persons :

    a. Three officers or employees from each party designated specifically by each party, including specifically designated in-house counsel, who agree, in writing, to be bound by the terms of this Protective Order;

    b. outside counsel of record in this proceeding, the employees of such counsel, outside vendors employed by such counsel for purposes of scanning, reproducing, or numbering documents, information, or things, and independent testifying or non-testifying experts or trial consultants (i.e., persons with expertise who are not currently employed or performing non-litigation consulting with any competitors of the parties, and who have no intention or expectation of being employed or performing non-litigation consulting with any competitors of the parties) retained by such counsel or by the parties solely as an independent expert in connection with this proceeding;

    c. the person producing such materials;

    d. the person who is the proprietor or source of such materials;

    e. persons who are established to have received or reviewed the documents, information or things, which shall be presumed if a document lists such person as an author or recipient;

    f. Court personnel and their staff; and

    g. Any other person who is designated as a Qualified Person by Order of this Court, after notice to all parties, or who, by written agreement of the parties, is designated as a Qualified Person.

10. All documents, testimony, information, or things designated as Confidential—Attorneys' Eyes Only shall be made available only to Qualified Persons. However, documents,

///

STIPULATED PROTECTIVE ORDER

information, or things designated as Confidential—Attorneys' Eyes Only shall NOT be made available to those persons qualified only under paragraph 9(a) above.[2]

11. Materials designated as Confidential or Confidential—Attorneys' Eyes Only shall not be made available to persons other than those enumerated in paragraphs 9 and 10 above, respectively, even if attached to or contained within otherwise non-Confidential materials, such as transcripts, memoranda, or affidavits; the Confidential and Confidential—Attorneys' Eyes Only information must be removed before the remaining materials may be made available to those other persons.

12. No information, documents, or things designated as Confidential shall be disclosed to any person qualified only under paragraph 9(a), and no information, documents, or things designated as Confidential or Confidential—Attorneys' Eyes Only shall be disclosed to testifying or non-testifying experts or consultants pursuant to the terms of paragraphs 9(b) above, unless and until such persons have first been supplied with and have read a copy of this Order and have executed an Undertaking in the form annexed hereto, which shall be served on opposing counsel ten calendar days before any disclosure of confidential information. If opposing counsel objects to such disclosure, there shall be no disclosure until the objection is resolved.

13. No documents, information, or things designated as Confidential or Confidential—Attorneys' Eyes Only shall be filed with the Court, including that contained in pleadings, motions, briefs, declarations, or exhibits, except in sealed envelopes. Such sealed envelopes shall bear the caption of the case and shall recite a concise, non-disclosing inventory of their contents for docketing purposes. Additionally, in the case of materials or information designated Confidential, such sealed envelopes shall prominently bear the legend:

> CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER, TO BE OPENED ONLY BY OR AS DIRECTED BY THE COURT

or words to that effect. In the case of materials or information designated Confidential—Attorneys' Eyes Only, the envelopes shall prominently bear the legend:

---

[2] Employees, officers, and directors of a party to this lawsuit, including in-house counsel, shall not be provided any information designated Confidential—Attorneys' Eyes Only.

STIPULATED PROTECTIVE ORDER

CONTAINS CONFIDENTIAL—ATTORNEYS' EYES ONLY INFORMATION SUBJECT TO PROTECTIVE ORDER, TO BE OPENED ONLY BY OR AS DIRECTED BY THE COURT

or words to that effect. To the extent possible, only those portions of a filing with the Court that contain material designated as Confidential or Confidential—Attorneys' Eyes Only shall be filed under seal. The Court and its staff shall maintain under seal all filings so designated pending further order or direction from the Court.

14. Nothing in this Order shall preclude any party to the proceeding or their attorneys from:

    a. Showing materials designated as Confidential or Confidential—Attorneys' Eyes Only to an individual who either prepared or reviewed the document prior to the filing of this action, or is shown by the document to have received the document.

    b. Disclosing or using, in any manner or for any purpose, any information, documents, or things from the party's own files that the party itself designated as Confidential or Confidential—Attorneys' Eyes Only.

    c. Disclosing or using, in any manner or for any purpose, any information, documents, or things properly obtained from an independent source.

    d. Disclosing or using, in any manner or for any purpose, any information, document, or thing that is at the time of production or disclosure, or subsequently becomes, through no wrongful act or failure to act on the part of the receiving party, generally available to the relevant public through publication or otherwise, or is already rightfully in the possession of the receiving party at the time of production.

15. If either party is served with a subpoena or similar process, from any person or entity whatsoever, directing that party to produce any materials designated as Confidential or Confidential—Attorneys' Eyes Only not so designated by that party, counsel for that party shall within three business days give counsel for the designating party written notice of the fact of such service so that the designating party may seek a protective order or otherwise act to protect the confidentiality of the designated materials.

///

16. Within sixty days of the conclusion of this action, including any appeals, all originals and reproductions of any materials designated as Confidential and Confidential—Attorneys' Eyes Only shall be returned to the producing party or destroyed. However, counsel for the parties may retain one complete set of pleadings and motion papers filed with the Court, and one complete copy of deposition testimony given in this action. Counsel for the receiving party shall provide written verification to the producing party that all copies of such materials produced to the receiving party have been returned or destroyed, other than as indicated in this paragraph. Materials designated as Confidential or Confidential—Attorneys' Eyes Only that are in the custody of the Court are excepted from the terms of this paragraph.

17. The terms of this Order shall remain in effect after the action and any related appeals are concluded.

DATED: March 27, 2009          BY THE COURT:

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

STIPULATED PROTECTIVE ORDER

## UNDERTAKING

I, _____ (name), of _____ _____ (employer and business address), am about to receive information, documents, or things designated as Confidential and/or Confidential—Attorneys' Eyes Only under the Stipulated Protective Order dated _____, 2009, entered by the United States District Court for the Eastern District of California.

I hereby represent and certify that I have been given a copy of and read said Protective Order, and that I understand the same. I hereby further certify that I am one of the persons allowed under paragraphs 8 or 9 of the Protective Order to receive access to information, documents, or things designated Confidential and/or Confidential—Attorneys' Eyes Only. I also agree to be bound by the terms of the Protective Order, specifically including the requirement that information, documents, and things I may receive that are designated as Confidential and/or Confidential—Attorneys' Eyes Only, as well as all copies, notes, summaries, and other records made regarding such information, documents, and things, shall be disclosed to no one other than persons specifically allowed by paragraphs 9 or 10 of the Protective Order to have access to such information.

I further understand that violation of the Protective Order may be punishable by the Court and/or constitute contempt of Court, and I consent and submit to the jurisdiction of the United States District Court for the District of Eastern California with respect to the enforcement of any of the terms of the Protective Order.

_____     _____
Date                                              Signature

STIPULATED PROTECTIVE ORDER