UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CYTOSPORT, INC. | NO. CIV. S-08-2632 FCD/GGH |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| VITAL PHARMACEUTICALS, INC., | |
| Defendant. | |

----oo0oo----

This matter is before the court on defendant Vital Pharmaceutical, Inc.'s ("VPX") motion to stay the court's order of May 6, 2009, granting plaintiff CytoSport, Inc. ("CS") a preliminary injunction enjoining VPX from marketing, selling, advertising or promoting a ready-to-drink ("RTD") liquid protein product using the name MUSCLE POWER® or any other trademark confusingly similar to CS's MUSCLE MILK® trademark or using a trade dress confusingly similar to the trade dress associated with MUSCLE MILK. (Mem. & Order, filed May 6, 2009 [Docket #72], hereinafter "May 6 Order.") VPX moves to stay enforcement of the preliminary injunction pending resolution of its appeal of the

1

court's order to the Ninth Circuit.[1] VPX filed its notice of appeal on May 7, 2009. Pursuant to the Ninth Circuit's order of May 15, 2009, VPX's opening brief is due on or before June 4, 2009; CS's answering brief is due July 2, 2009 or 28 days after service of the opening brief; and VPX's optional reply is due within 14 days of service of CS's brief. VPX alternatively moves this court for a stay of its order pending VPX's motion to the Ninth Circuit for a stay of the injunction.

For the reasons set forth below, the court DENIES VPX's motion for a stay in its entirety. VPX cannot make the requisite showing under Federal Rule of Civil Procedure 62(c).

Federal Rule of Civil Procedure 62(c) provides that "[w]hile an appeal is pending from an interlocutory order or final judgment that grants . . . an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." In determining whether to issue a stay pending appeal, the court must consider: "(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." <u>Cal. Pharmacists Ass'n v. Maxwell-Jolly</u>,

---

[1] The court granted VPX's application to hear this motion on shorten time (Docket #85). (Minute Order, filed May 19, 2009.) In light of the extensive briefing on the underlying motion for a preliminary injunction and considering the lengthy hearing held on May 1, 2009, the court found that oral argument on the instant motion to stay was unnecessary. (<u>Id.</u>; E.D. Cal. L.R. 78-230(h).)

1  --- F.3d ---, No. 09-55365, 2009 WL 975458, at *1 (9th Cir. Apr.
2  6, 2009) (citing Humane Soc'y of U.S. v. Gutierrez, 527 F.3d 788,
3  789-90 (9th Cir. 2008)). This standard presents a continuum.
4  Golden Gate Rest. Ass'n v. City & County of San Francisco, 512
5  F.3d 1112, 1119 (9th Cir. 2008). At one end of the continuum, if
6  there is a "probability" or "strong likelihood" of success on the
7  merits of the appeal, a relatively low standard of hardship is
8  sufficient. Id. At the other end, if the balance of hardships
9  tips sharply in favor of the party seeking the stay, a relatively
10 low standard of likelihood of success on the merits is
11 sufficient. Id. Lastly, "where the public interest lies" must
12 be considered separately from and in addition to whether the
13 applicant for a stay will be irreparably injured absent a stay.
14 National Resources Def. Council v. Winter, 502 F.3d 859, 863 (9th
15 Cir. 2007).

     Here, VPX's motion for a stay raises essentially the same arguments made in its original opposition to CS's motion for a preliminary injunction. Particularly, with respect to the merits of CS's trademark and trade dress infringement claims, VPX simply reiterates its prior arguments against a finding of infringement. While VPX attempts to repackage those arguments herein, by asserting that the court made certain alleged factual errors, overlooked pertinent evidence and misapplied controlling legal standards, its arguments are not compelling.[2] The court

---

[2] For example, the court disagrees that it made any factual errors in describing how VPX incorporated critical elements of CS's trade dress which, when all the elements are considered as a whole, resulted in a product that is confusingly similar to CS's MUSCLE MILK® product. (May 6 Order at 15-20.) Moreover, the court did not overlook the various differences in

3

addressed each of VPX's arguments (made then and now) in its May 6 Order, and it need not repeat that analysis here. For the reasons fully set forth in the May 6 Order, CS demonstrated a strong likelihood of success on the merits of its infringement claims against VPX, entitling CS to a preliminary injunction. (May 6 Order at 13-45.)

To overturn the preliminary injunction, VPX must show that this court abused its discretion in issuing it. Ashcroft v. ACLU, 542 U.S. 656, 664 (2004) (recognizing that appellate review of the grant of a preliminary injunction under the abuse of discretion standard is limited and deferential). This court's factual determinations, including findings of irreparable harm, are reviewed for clear error; they will not be overturned "as long as [the] findings are plausible . . . [considering] the record viewed in its entirety" and in the light "most favorable to the prevailing party." Nat'l Wildlife Fed'n v. Nat'l Marine

---

the products' trade dresses; rather, the court specifically acknowledged those differences and explained why, under the controlling law, those differences were not compelling (as for example, VPX's use of its logo on its product) and why the similarities in the trade dresses had to be weighed more heavily. (Id.) Finally, it is not this court, but instead VPX, who continues to misapply the governing standards. For instance, VPX continues to point to individual components of the MUSCLE MILK trade dress to argue that each component serves some useful, functional purpose. However, as the court's order made clear, while individual components of a trade dress may serve some purpose, it is the particular placement and orientation of those components on the MUSLCE MILK packaging that is protectable; in assessing functionality, it is the *combination* of the elements as a whole which the court must examine. (Id. 41-42.) Similarly, contrary to VPX's vigorous protestations, secondary meaning may be established through direct and *circumstantial* evidence; here, CS proffered substantial circumstantial evidence, namely, its extensive marketing and sales of the MUSCLE MILK® RTD product since 2004 as well as evidence of actual customer confusion. (Id. at 44-45.)

4

1  Fisheries Serv., 422 F.3d 782, 795 (9th Cir. 2005); Minidoka
2  Irrigation Dist. v. Dep't of Interior of U.S., 406 F.3d 567, 572
3  (9th Cir. 2005).  Under this standard of review and considering
4  the strong showing CS made on the merits of its claims against
5  VPX, VPX cannot demonstrate a probability that it will prevail on
6  the merits of its appeal.

       Therefore, in order to obtain a stay, VPX must show that the balance of hardships tips decidedly in its favor and that the public interest is better served by issuance of a stay.  VPX likewise cannot make this showing.  VPX contends primarily that it will sustain significant financial losses if the injunction is not stayed pending its appeal.  (See Owoc Decl., *filed under seal,* May 13, 2009 [Docket #83], ¶s 3-5.)  However, such financial harm does not constitute "irreparable" harm for purposes of an injunction or stay.  Sampson v. Murray, 415 U.S. 61, 90 (1974) ("The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.")  Moreover, in this case, the court required CS to post a $500,000.00 bond to ameliorate the economic losses that VPX would suffer should CS ultimately not prevail on the merits of its claims.  (May 6 Order at 49.)  Finally, VPX concedes that its appeal will likely be resolved within a matter of months.  If true, VPX's shelf-stable products do not need to be destroyed and could be later reintroduced into the marketplace, thus further mitigating any alleged harm.

       In contrast to the lack of irreparable harm that VPX will sustain, CS has established that it would suffer *likely*

5

1 irreparable harm in the absence of an injunction. (May 6 Order
2 at 47:1, 14.) As set forth in the order and for the reasons
3 fully stated therein, CS established a "likelihood" that VPX's
4 continued infringing activities "will cause CS irreparable harm
5 because these activities prevent CS from controlling the
6 reputation of its highly recognizable and valuable MUSCLE MILK®
7 brand," and if VPX's products remain in the marketplace, "it will
8 be extremely difficult for CS to maintain and restore its
9 goodwill among customers, some of whom are already being confused
10 by [VPX's] products." (May 6 Order at 47.)
11      Finally, VPX has not shown that the public interest is
12 better served by issuance of a stay. VPX contends that the
13 public is hurt by the injunction because VPX's loyal customers
14 will be deprived of VPX's product which is a healthier
15 alternative to MUSCLE MILK®. As support, VPX proffers evidence,
16 which it did not submit on the original motion, from its various
17 distributors and retailers who assert that there is no customer
18 confusion between VPX's and CS's RTD products, and that VPX's
19 customers should not be deprived of an alternative product to
20 CS's MUSCLE MILK® product. (Owoc Decl., ¶ 8b., Ex. 1.) CS
21 rightfully objects to the court's consideration of this evidence
22 as VPX offers no reason why it was not submitted previously, but
23 even if the court considers the evidence, it does not establish
24 that the public interest is better served by issuing a stay. As
25 set forth in the May 6 Order, numerous competitors of CS offer
26 RTD protein products which do not infringe CS's trademark and
27 trade dress. VPX can do the same. To date, however, it has not.
28 The public interest is best served by preventing continued

customer confusion in the marketplace.  See e.g. Moroccanoil, Inc. v. Moroccan Gold, LLC, 590 F. Supp. 2d 1271, 1282 (C.D. Cal. 2009).

Therefore, because VPX has not shown that it is likely it will prevail on its appeal, that the balance of hardships tips considerably in its favor or that the public interest is best served by a stay, the court must DENY VPX's instant motion.[3]

IT IS SO ORDERED.

DATED: May 22, 2009

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[3] As the standard for granting a stay is the same whether VPX seeks a stay pending final resolution of its appeal or simply pending it moving the Ninth Circuit to grant a stay, the court likewise DENIES VPX's alternative request for a stay pending a decision on its intended motion to the Ninth Circuit for a stay of the injunction.