FILED

OCT 13 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CYTOSPORT, INC., a California corporation,<br><br>        Plaintiff - Appellee,<br><br>  v.<br><br>VITAL PHARMACEUTICALS, INC., a Florida corporation,<br><br>        Defendant - Appellant. | No. 09-15969<br><br>D.C. No. 2:08-cv-02632-FCD-GGH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, District Judge, Presiding

Submitted September 14, 2009

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

HL/Inventory

This appeal from the district court's order granting appellee's motion for a preliminary injunction comes to us for review under Ninth Circuit Rule 3-3. We have jurisdiction under 28 U.S.C. § 1292(a)(1), and we affirm.

Our sole inquiry is whether the district court abused its discretion in granting preliminary injunctive relief. *See Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008); *Marlyn Nutraceuticals, Inc., v. Mucos Pharma*, 571 F.3d 873, 876 (9th Cir. 2009). Here, the district court correctly identified the legal standards for likelihood of confusion of a trademark and of trade dress. *See Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1258 (9th Cir. 2001); *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979).

We conclude that the district court did not rely on an erroneous legal premise or abuse its discretion in concluding that Cytosport was likely to succeed on the merits and showed a strong likelihood that it would suffer irreparable harm if the preliminary injunction did not issue. Accordingly, we affirm the district court's order granting the preliminary injunction.[1]

**AFFIRMED**.

---

[1] The 6/11/09 pro se motion to file an amicus brief is denied.

HL/Inventory